# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| GLENN EDWARD SCOTT, | § |
| | § |
| Defendant-Petitioner, | § |
| | § |
| VS. | §   CRIMINAL NO. H-02-668 |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff-Respondent. | § |
| | § |
| CIVIL ACTION H-06-2715 | § |

## MEMORANDUM AND OPINION

Glenn Edward Scott filed a motion under 28 U.S.C. § 2255, seeking to vacate his 2003 conviction, following a jury trial, for conspiracy to possess 50 grams or more of cocaine base with intent to distribute and for aiding and abetting the possession of 50 grams or more of cocaine base with intent to distribute. The court sentenced Scott to a 235-month prison sentence.[1] On direct appeal, the conviction and sentence were affirmed. Scott timely filed this motion for relief under 28 U.S.C. § 2255. Scott claims that he was denied effective assistance of counsel. Specifically, Scott claims that his defense counsel rendered ineffective assistance because he failed to object to hearsay evidence and because he did not object to the government's introduction of his statement made after his arrest. The government argues in its response and motion to deny relief that there is no basis for finding ineffective

---

[1] This sentence was reduced in 2008 to 188 months based on the retroactive amendment to the Sentencing Guidelines for cocaine base.

assistance of counsel. The government also moves to expand the record to include defense counsel's affidavit; that motion is granted.

Based on the motion and response, the parties' submissions, the record, and the applicable law, this court denies Scott's motion for relief and, by separate order, enters final judgment. The reasons are set out in detail below.

**I.     Background**

On September 25, 2002, a confidential source told the Drug Enforcement Administration (DEA) that Glenn Scott was distributing crack cocaine in the Houston, Texas area. The source stated that Scott had approached on several occasions to purchase nine ounces of crack cocaine for $5,000 and on more than one occasion had told the source that he could supply up to one kilogram of crack cocaine. On the same day, the source, at the DEA's direction, called Scott on his cellular phone. The conversation was recorded. Scott and the source agreed to meet later that day for the source to purchase nine ounces of crack cocaine. Before the meeting, the source was equipped with audio equipment to record the conversation with Scott. The source went to the prearranged location while DEA agents conducted surveillance. DEA agents saw a black Cadillac, driven by Scott, arrive at the location and park near a white Cadillac. The agents saw Scott get into the source's vehicle. The source and Scott drove to a fast food restaurant, followed by the white Cadillac. The black Cadillac that Scott had driven arrived a short time later. Agents saw Scott get out of the source's vehicle and an unidentified male approach the passenger side. Moments later, both  Cadillacs left the area. The confidential source met with the DEA agents and turned

over the audio equipment and plastic bags containing white and beige rock-like substances, which were later determined by the DEA laboratory to be cocaine base weighing 212.8 net grams.

On October 8, 2002, an undercover DEA special agent and the confidential source met Scott. The agent showed Scott $18,500 in cash; Scott showed the source a bag purportedly containing cocaine. The undercover agent and the source left the area. Scott and two others also left, driving at a high rate of speed. DEA agents and Houston Police Department officers stopped the vehicle and arrested the occupants. Agents searched the area and found a bag containing a white powdery substance. The substance was tested and found negative for cocaine. Special agents interviewed Scott, who admitted he had sold nine ounces of crack cocaine the week before and made $200. Scott stated that an individual known as "Tone" gave him the crack cocaine to him to sell.

Glenn Edward Scott and a codefendant, Ronald Norman, were indicted conspiracy to possess with intent to distribute 50 grams or more of cocaine base and for aiding and abetting the possession with intent to distribute 50 grams or more of cocaine base. On November 24, 2003, a jury returned a guilty verdict on Counts 1 and 2 as to both Scott and codefendant Norman. On April 20, 2004, the Court sentenced Scott to 235 months in the custody of the Bureau of Prisons, 5 years of supervised release and a $200 special assessment. Scott filed an appeal with the U.S. Fifth Circuit Court of Appeals (U.S.C.A. No. 04-20177). On August 4, 2005, the Fifth Circuit Court of Appeals issued a *per curiam* Opinion affirming the judgment. (Docket Entry No. 209). This motion followed.

## II.     The Applicable Legal Standard

Scott is proceeding *pro se*. Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are liberally construed. *See Pena v. United States,* 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.,* 86 F.3d 469, 472 & n.16 (5th Cir. 1996)).

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion does not require an evidentiary hearing if the motion and the record conclusively show that the prisoner is not entitled to relief. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 689-90 (1984); *see*

*also del Toro v. Quarterman*, 498 F.3d 486, 490-91 (5th Cir. 2007). The district court may dispose of a claim if counsel either rendered reasonably effective assistance or no prejudice can be shown. A court evaluating a claim of ineffective assistance need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689 (internal quotations and citation omitted); *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

As to the prejudice portion of the inquiry, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. An attorney's strategic choices based on information supplied by the defendant and gathered from an investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 691.

**III.    Analysis**

Scott's defense counsel, David Adler, submitted an affidavit. Adler explained in his affidavit that he did not object to the introduction of statements made by the confidential informant because he believed these statements were admissible under the Federal Rules of Evidence. Adler explained that he did not object to the introduction of Scott's own statement to the law enforcement agents and officers because Adler's discovery and investigation showed that the DEA agent read Scott his constitutional rights before speaking with him. Adler received pretrial discovery that included DEA reports containing the statements Scott allegedly made to the agents. Adler's investigation also led him to conclude that Scott's extensive prior experience with law enforcement had made him familiar with his *Miranda* rights. Adler concluded that objecting to Scott's statement on the ground that the agents had violated Scott's rights would have been frivolous.

Scott's first ineffective assistance of counsel claim is not supported by any alleged facts in support. A conclusory unsupported claim is insufficient for relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (conclusory allegations of ineffective assistance of counsel are insufficient to warrant relief).

Scott's second ineffective assistance claim challenges defense counsel's failure to object to hearsay evidence. In his affidavit, (Exhibit A), defense counsel Adler states that he did not object to the introduction of statements made by the confidential informant because he believed that the statements were not inadmissible under the Federal Rules of Evidence. Informed strategic decisions of counsel entitled to deference. *Lamb v. Johnson,*

6

179 F.3d 352, 358 (5th Cir.), *cert. denied,*528 U.S. 1013 (1999). Scott has not identified any basis in the record to find that counsel's decision amounted to deficient performance. Nor has he shown any basis in the record to support a conclusion that had Adler objected, the outcome would have been different. The third issue Scott raises is that defense counsel provided ineffective assistance by not objecting to the government's introduction of the statement Scott made after his arrest. Adler stated in his affidavit that he did not object to the introduction of Scott's post-arrest statement because the discovery and investigation showed that any objection would be frivolous and futile. The DEA agent had read Scott his constitutional rights before speaking with him. And Scott's own prior encounters with law enforcement had given him familiarity with his rights. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

None of the three ineffective assistance claims entitles Scott to relief under section 2255.

**IV. Conclusion**

Scott's Motion Under 28 U.S.C. § 2255 is denied. The corresponding civil action is dismissed with prejudice.

Under the AEDPA, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is "a jurisdictional prerequisite" for an appeal on the merits by a habeas petitioner. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342. Because Scott has not made the necessary showing, this court will not issue a certificate of appealability.

Final judgment will issue by separate order.

SIGNED on July 7, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge